MAR 11 2005

The United States District Court
For The District of Connecticut

305CV0532 SRU

Darrin Lminggio

    Petitioner

V                              Case No. 3:00CR170 (SRU)

United States of America

    Respondent

Delayed Motion
Pursuant To Title
U.S.C 2 2255

### Facts

The defendant was sentence on April 09, 2001. There was no direct Appeal filed in this case. Lminggio was imprison for a 165 months and now is serving this sentence at a Medical Center federal Prisoner.

## Arguement

Lminggio contends that his counsel appiont counsel violated his Sixth Amendment Right to effective assistance Counsel. Lminggio states that he ask counsel to file a direct appeal. The petitioner argue that failure to file a direct review met both prejudice and low performance demanded by Strickland v Washington.

Petitioner states that he should be allowed to file an out time pedition due to ineffective assistance counsel. The arguement in this brief is govern by Martin v United States 81 Fd3 1083, 1084. In his case the Eleven Circuit held that even though Martin pled guilty he still had a right to direct review. Also that even if Martin could not show whether or not there were viable grounds for an appeal. Martin was prejudiced when counsel failed to file appeal after request. The Martin Court held under the guidelines defendant had a right to direct review even though he pled guilty. The petitioner here argue that the same should hold in this case because he requested counsel to file a direct appeal. D. Lminggio counsel was ineffective when he didnot file the petitions. The petitioner states his appeal should be granted for counsel failure to file a review after his request.

## Sixth Amendment Violation

The petitioner states that his Sixth Amendment was violate on numberous violation. That under Apprendi, Blakely and

Fawn Fawn the court was in violation when he was sentence for addional facts that was not found by the jury. Apprendi v New Jersey 530 U.S. held any thing to increase a person sentence must be in the indictment, submitted to a jury and proven beyond a reasonable doubt.

Quantity.

Petitioner states that the sentencing court found him guilty of a 13.## that was not proven beyond a reasonable doubt. The amount that was in the indictment was zero gram but at sentencing the judge by prepondance of the evidence found he was responsible for 13# grams of Herion but sentence for 3.51 grams of marijuana. The judge facting this facts has violated petitioner rights. Petitioner states he only pled guilty to the amount in his indictment. Any facts that the Judge found on his own and the petitioner sentence for his base offense level of 18 to 32.

Role.

Lwing910 argue the fact that the court also found him to be the leader. Petitioner was enhanced four (4) levels for a leadership by a finding by the Judge. This four (4) piouts) under the Blakely rule or Apprendi illegal because it was not proven beyond a reasonable doubt or admit by petitioner. This four (4) piouts must be subtracted to apply with Apprendi and Blakely. Petitioner level without leadership would be 18

This would make petitioner sentencing range from

Career offender

The petitioner states that under the Sixth amendment that the jury should have been allow to determine whether or not the charges the government used for the career enhancement where they qualified to govern the enhancement. Petitioner is not argueing the fact of prior conviction but is contending under the Sixth amendment he has a right for a jury to find does the crime the government plan to use for the enhancement meet the qualification for career offender.

Petitioner contends Blakely does apply to his case because the judge found the additional facts not a jury. Also in Booker v United States 04-104 (January, 2005) that defendant was to enjoy this right for century. The petitioner was sentence under 2001 which is clear after Apprendi v New Jersey. In Booker held that Applying it ruling in Apprendi and Blakely to the sentencing guideline the Supreme Court held circumstance mentioned the Sixth Amendment requires Jury not Judge to find relevant to sentencing. The government ask in both petition does the Apprendi apply to the Guidelines they (Supreme Court) answer yes. Also see Judge Breyer holding that the court today applies it decisions in Apprendi and Blakely the 6th Amendment requires a jury not a Judge to find sentencing facts. Facts about the way in which an offender committed the crime. Where those facts would move an offender from lower to higher Guide line range.

If Blakely don't apply to Petitioner Apprendi does. In Booker the Supreme Court held in Jones, Apprendi and Ring the requirement of the 6th Amendment were clear. The application of Washington scheme violated the defendant right to have a Jury find existence of "any particular fact" laws make essential to his punishment. For These same reason the petitioner argue that his 6th Amendment was violated.

## In Conclusion

This delayed 2255 should be granted and any other relief the Court find deemable.

Respectfully Submitted
*Darrin Luiviggio*

Darrin Luiviggio
13952014

Certificate of Service.

I Petitioner Lminggio do, declare that I place a true and correct copy in the U.S. Mail box in the Medical Center for Federal Prisoner at Springfield, MO on the _____ day of _____ 2005.

Respectfully Submitted

*Darrin Lminggio*

Darrin Lminggio

#13952014