UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARRIN LMINGGIO : | |
| : | No. 3:00CR170(SRU) |
| V.   : | No. 3:05CV532(SRU) |
| : | |
| UNITED STATES OF AMERICA : | MAY 3, 2005 |

**GOVERNMENT'S REQUEST FOR AN ORDER**

By pro se motion and memorandum dated March 23, 2005 and filed on March 28, 2005, petitioner Darren Lminggio moved to vacate, set aside or correct his sentence. In particular, Mr. Lminggio claims he was afforded ineffective assistance of counsel by Attorney Sarah Chambers, because, he alleges, Ms. Chambers failed to file a direct appeal despite Mr. Lminggio's request that she do so. *See* Motion in Support of Petition at 2. This Court has entered an Order to Show Cause ordering the Government to respond to the petition.

While the Government believes the Court can summarily deny the petition on the basis of the Court's advice to the defendant concerning appellate rights at the time of sentencing, it would certainly be preferable to supplement the record with an affidavit from former counsel and with any relevant documents that may be contained within counsel's file. Petitioner's filing of a petition alleging ineffective assistance of counsel constitutes a waiver of the attorney-client privilege. Tasby v. United States, 504 F.2d 332 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975); Laughner

v. United States, 373 F.2d 326 (5th Cir. 1967); United States v. Wiggins, 184 F. Supp. 673 (D. DC 1960); cf. Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998).  Where, as here, the petitioner has put in issue discussions that either did or did not occur between client and counsel, all communications reasonably related to his claim are no longer covered by the privilege.

Accordingly, the Government respectfully requests the Court make a finding that the petitioner's claim of ineffective assistance of counsel constitutes a waiver of the attorney-client privilege as to all information reasonably related to the petitioner's claims.  The Government further requests that if the Court finds a waiver, Attorney Chambers be required to supplement the record with an affidavit regarding discussions, if any, regarding an appeal with Mr. Lminggio and any relevant documents from counsel's file.  See, e.g., Santana v. United States, 2005 WL 180932 at *6 (S.D.N.Y. Jan. 26, 2005); Rodriguez v. New York, 2002 WL 31251007 at *1-2 (S.D.N.Y. Oct 8, 2002) (citing cases); Davila-Bajana v. United States, 2002 WL 2022646 at *4 (E.D.N.Y. Jun 26, 2002)(Raggi, J.)(based on defense attorney's affidavit contradicting petitioner's account, court rejected § 2255 petitioner's claim that his attorney ignored his request to file a notice of appeal, without holding a hearing); Rosa v. United States, 170 F. Supp.2d 388, 298-99 (S.D.N.Y. 2001); cf. Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001)(matter resolved on

the basis of "a detailed affidavit from trial counsel credibly describing the circumstances concerning [Gonzalez's] failure to testify."). Once that affidavit is received by the Government, with the Court's permission, it will file its response to the petitioner's motion.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> JAMES I. GLASSER
> ASSISTANT UNITED STATES ATTORNEY
> FEDERAL BAR No. ct07221
> P.O. BOX 1824
> NEW HAVEN, CT  06508
> (203) 821-3700

## CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this 3rd day of May, 2005, to Darrin Lminggio, Prisoner No. 13952014, Federal Correctional Institution,Medical Center, Springfield, MO. and to Sarah Chembers, Esq., Office of Bar Counsel, 99 High Street, Boston, MA 02110

                                                      JAMES I. GLASSER
                                                      ASSISTANT U.S. ATTORNEY