UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRIN LMINGGIO,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Docket Nos.
3:00cr170 (SRU)
3:05cv532 (SRU)

## RULING

On March 28, 2005, Darrin Lminggio, an inmate at the U.S. Medical Center for Federal Prisoners, Springfield, filed *pro se* a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Lminggio sets forth two grounds as bases for his motion: (1) ineffective assistance of counsel, and (2) a violation of the Sixth Amendment due to judicial fact-finding at sentencing.

28 U.S.C. § 2255 sets forth the following limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. That provision has been in effect since the enactment of the Antiterrorism and Effective Death Penalty Act in 1996 and has been upheld by the Second Circuit. *See Weaver v.*

*United States*, 195 F.3d 123, 124 (2d Cir. 1999).

The date of Lminggio's judgment of conviction was April 9, 2001. That judgment was not appealed. Nearly four years later, he filed the present motion, arguing: (1) that he was denied the effective assistance of counsel because his attorney did not file an appeal despite his request, and (2) that his Sixth Amendment rights were violated due to judicial fact-finding at sentencing.

The judgment of conviction became final more than one year prior to Lminggio's filing the section 2255 motion. His pleadings contain no allegations regarding government action impeding his filing of the present motion. There are no allegations regarding when he discovered that his attorney had not appealed his sentence, but with due diligence, he would have discovered this failure well over one year ago. Finally, although Lminggio invokes the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 125 S. Ct. 738 (2005), those cases did not establish a newly recognized right made retroactive to cases on collateral review. *See, e.g.*, *Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003) (holding that *Apprendi* does not apply retroactively to initial section 2255 motions for habeas relief); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) (holding that *Booker* does not apply retroactively to cases on collateral review where defendant's conviction was final as of January 12, 2005).

Although there is the "possibility that in some cases one year may be an insufficient amount of time" for a federal prisoner to seek relief under section 2255, Lminggio's motion, construed liberally, sets forth no grounds that would merit relief from the one-year limitations period. *Weaver*, 195 F.3d at 125.

Thus, because it is untimely, Lminggio's motion to vacate, set aside or correct his

sentence (doc. # 23) is DENIED.

    It is so ordered.

    Dated at Bridgeport, Connecticut, this 8th day of November 2005.

                                          /s/ Stefan R. Underhill
                                             Stefan R. Underhill
                                             United States District Judge