UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Darrin Lminggio,<br>    Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 3:00CR170(SRU)<br><br>Motion for Modification of Sentence Pursuant to 18 U.S.C § 3582(c)(2). |

NOW COMES, the Petitioner, Darrin Lminggio, Pro se, and respectfully moves this Honorable Court requesting that his sentence be reduced in light of a 2007, No. 706 Amendment, which modified the procedure for calulating the level for Crack Cocaine defendants.

Petitioner expressly reserves his rights to brief the impact of **Kimbrough** and **Booker** on any ensuing sentence calculation, should the Court choose to grant his motion.

Respectfully Submitted,

*[signature]*

Darrin Lminggio
Reg. No.13952-014
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320
Unit D-Right

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Darrin Lminggio,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondents.

Case No. 3:00CR170(SRU)

Affidavit in Support of Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

I, Darrin Lminggio, after first being duly sworn, hereby depose and states as follows :

1. I am the petitioner in this action and make this affidavit in support of my motion for modification of my sentence pursuant to 18 U.S.C § 3582(c)(2), requesting that my sentence be reduced in light of a 2007 Amendment, No. 706, which applies retoactive to Crack Cocaine defendants.

2. I am currently a federal prisoner incarcerated at the Federal Correctional Institution-Fairton, P.O. Box 420, Fairton, New Jersey 08320. My Federal Prison Identification Number is : 13952-014.

3. On July 19, 2000, the petitioner was arrested and charged with a Drug Conspiracy, in Violation of Title 21 U.S.C § 846.

4. On December 18, 2000, petitioner entered into an agreement with the Government to plea guilty to Count one of the Indictment. In that agreement, the petitioner stipulated to level 32, and a three-level decrease for Acceptance of Responsibility(3E1.)..

5. On April 9, 2001, the petitioner was sentenced to 165 months imprisonment and five years of Supervised Release. A sentencing range of 151-188 months ( Offense level of 29, after crediting petitioner with three (3) points for Acceptance of Responsibility, and Criminal History Category VI.

6. The Sentencing Commission recently revised the applicable guidelines and lowered the sentencing range. Therefore, the petitioner seeks to benefit from the change.

7. Section 3582(c)(2) provides :

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentncing range that has subsequently been lowered . . . the court may reduce the term of imprison - ment, after considering the factors set forth in Section 3553 (a) to the extent that they are applicable, if such reduction is consistent with aplicable policy statements issued by the Sentenc -ing Commission. 18 U.S.C.§ 3582(c)(2).

8. In exercising this discretion, the guidelines instruct the court to " Consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." U.S.S.G. § 1B1.10(b). The statute also directs the court to consider the factors set forth in 3553(a), including; the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kind of sentence available; any pertinent guideline policy statements; and the need to avoid unwarrented sentencing disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a).

9. . Since petitioner have been incarcerated here at this institution, coupled with the fact that he has not been a management problem, and has not had an Incident re- port written against him over the past (7) years; but have received awards in ( FPI ) UNICOR, earned his G.E.D. sucessfully, as well as other accomplishments, and have demonstrated a willingnes to develop additional skills through participating in, and completion of, all asigned UNICOR tasks. The petitioner respectfully prays this Hono -rable court considers his current accomplishments and also his willingness to develop a positive attitude, as well as skills as part of a positive factor in determining a reduction of his sentence in accordance with 3553(a).

10. In Feburary, 2004, petitioner's right leg was amputated due to an internal Blood clot in his leg and is now left to endure having to take medication for the rest of his life due to his medical state as an amputee. Petitioner respectfully prays this Honorable Court also takes into account his present medical state as an important fact- or in determining a reduction as set forth in 3553(a).

11. Section 3582(c)(2) applies only to amendments to the guidelines that operate reto- actively, as set forth in guideline policy statement, U.S.S.G. § 1B1.10(b).

12. The 2007 Amendment modifies the medthod for determining base offense levels for sentencing purposes. Under the former method, the petitioner's offense level was final based on 0.9 grams of Cocaine Base. this fact, together with his criminal history categ- ory, called for a range of 151 to 188 months imprisonment. Under the new Amendment, the amount of cocaine base would correspond to a range of 130 to 162 months imprisonment.

13. The Sentencing Commission expressly made the Crack Cocaine Amendment retroactive; 1B1.10(c). Given this substantial change in the guideline range under the Amendment, the District Court should use its discretion by reducing petitioner's sentence.

**Wherefore,** the petitioner respectfully urges this Honorable Court to vacate the sentence and re-sentence the petitioner, with all time served applicable, using the guidelines in effect at the time of re-sentencing.

Further Affiant Sayeth Naught.

Dated : 3-3-08

Respectfully Submitted,

Darrin Lminggio
Reg. No. 13952-014
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320
Unit- D-Right

## SWORN UNDER PENALTY OF PERJURY

I, **Darrin Lminggio**, hereby certify under the penalty of perjury that the foregoing is true, correct and complete.

Executed on the 3rd day of March, 2008

Darrin Lminggio

CERTIFICATE OF SERVICE

I, **Darrin Lminggio**, hereby certify that I caused to be mailed the within documents upon the following listed party :

James I. Glasser
Assistant United States Attorney
Federal Bar No. Ct 07221
P.O. Box 1824
New Haven, CT 06508

I also hereby certify that these documents were given to Prison Officials here at F.C.I. Fairton on March 3rd, 2008, for forwarding to the party(ies) of record. I hereby certify under the penalty of perjury that the foregoing is true, correct and not misleading; 28 U.S.C. § 1746.

Darrin Lminggio