UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR170(SRU) |
| | : | |
| DARRIN LMINGGIO | : | April 4, 2008 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On April 9, 2001, this Court sentenced the defendant, Darrin Lminggio, to 165 months of imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 5, 2008, the defendant filed a motion seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant seeks a reduced sentence based upon a change to the crack cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007 and made retroactive for all defendants as of March 3, 2008.

The Court should deny the defendant's motion for relief. The new crack guidelines are inapplicable to the defendant because they do not reduce the defendant's sentencing guideline range.

**I.    BACKGROUND**

On August 3, 2000, a federal grand jury returned a one-count indictment against the defendant, and on April 9, 2001, the defendant pleaded guilty to that indictment, charging him with conspiracy to possess with the intent to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846.

In preparation for sentencing, the United States Probation Office prepared a Pre-Sentence Report. Using the 2000 Guidelines manual, the PSR established a base offense level of 18 for the offense involving between 20 and 40 kilograms of marijuana.[1] PSR ¶ 24. The PSR added four levels under § 3B1.1(a) because the defendant was the leader of a drug conspiracy involving at least six participants. PSR ¶ 26. The PSR detailed the defendant's lengthy criminal history and concluded that because of the defendant's prior convictions, he qualified as a career offender under Sentencing Guideline § 4B1.1. PSR ¶¶ 32, 33-46. This conclusion raised his offense level from 22 to 32 under § 4B1.1(C), resulting in a total offense level of 29 after a three-level reduction for acceptance of responsibility. PSR ¶¶ 30-31. The defendant's criminal history placed him in criminal history category VI, a designation also warranted by his status as a career offender. PSR ¶ 47. This resulted in a sentencing guideline range of 151-288 months. PSR ¶ 77; Sentencing Table.

At sentencing on April 9, 2001, the Court adopted the guidelines calculation as set forth in the PSR and sentenced the defendant to 165 months' imprisonment.

## II.     DISCUSSION

### A.     The new crack guidelines and 18 U.S.C. § 3582(c)

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the

---

[1] For the purposes of the guideline calculation, the heroin and cocaine base quantities were converted to marijuana quantities. Thus, 13.81 grams of heroin equated to 13.81 kilograms of marijuana and .9 grams of cocaine base equated to 18 kilograms of marijuana, resulting in a total of 31.81 kilograms of marijuana.

extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

      (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713. *Id.*

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

---

[3] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

**B.    The new crack guidelines do not lower the defendant's guidelines range.**

In this case, the defendant's motion should be denied because the crack guideline amendment does not have the effect of lowering the defendant's guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)*

if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See*, *e.g.*, *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's guideline calculation did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in

effect at the time of sentencing, the defendant's base offense level for the combined drug quantity was 18; that level remains the same under Amendment 706.[4] More significantly, however, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 32 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. *See*, *e.g.*, *United States v. Thompson*, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); *United States v. McDougherty*, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); *United States v. Williams*, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); *United States v. Jones*, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); *United States v. White*, 2008 WL 724171 (W.D. Va. Mar. 17, 2008); *United States v. Garcia*, 2008 WL 725025 (E.D. Wash. Mar. 17, 2008); *United States v. Brantley*, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); *United States v. Manns*, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); *United States v. Taylor*, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008); *United States v. Washington*, 2008 WL 660227 (D. Me. Mar. 6, 2008); *United States v. Davis*, 2008 WL 660277 (M.D. Fla. Mar. 6, 2008); *United States v. Rivera*, 2008 WL 576764 (E.D. Pa. Mar. 3, 2008); *United*

---

[4] Using the drug equivalency tables in 2D1.1, .9 grams of cocaine base is equivalent to 9 kilograms of marijuana, and 13.81 grams of heroin is equivalent to 13.81 kilograms of marijuana, resulting in a total drug quantity of 22.81 kilograms of marijuana. Section 2D1.1(c)(11) assigns level 18 to quantities of marijuana between 20 and 40 kilograms.

*States v. LaFrance*, 2008 WL 447548 (D. Me. Feb. 19, 2008); *United States v. Pizarro*, 2008 WL 351581 (D.N.H. Feb. 8, 2008); *United States v. Turner*, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

      C.    **United States v. Booker, 543 U.S. 220 (2005) does not apply.**

In his motion, the defendant states that he "expressly reserves his rights to brief the impact of **Kimbrough** and **Booker** on any ensuing sentence calculation, should the Court choose to grant his motion." Motion at 1.

The question of the relevance of *Booker*, however, is not presented in this case. In other cases, to be sure, defendants who are entitled to a sentencing reduction under Section 1B1.10 will argue that, pursuant to *Booker*, the Sentencing Commission's effort to restrict the extent of the reduction is not mandatory (a proposition the government will oppose). But here, the issue is not reached, as the defendant fails to qualify pursuant to the statute for any sentencing reduction at all. As explained above, the governing statute allows a reduction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Because the necessary trigger never occurred in this case, as stated earlier, the question of whether *Booker* allows a greater reduction at resentencing never arises. In any event, for the benefit of the Court, we present here our view that *Booker*, and its holding that the guidelines are advisory at an initial sentencing proceeding, has no impact at all at resentencing under Section 3582(c)(2).

      **1. Section 3582(c)(2) limits sentencing reductions based on retroactive guidelines to those authorized by the Sentencing Commission.** In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction

based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *Braxton v. United States*, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis omitted). Thus, under the express statutory language of Section 3582(c)(2) and Section 994(u), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

**2. The statute and policy statements prohibit a reduction below the floor set by the Sentencing Commission.** Section 3582(c)(2) does not provide for full resentencing of defendants. In its recent revision to the policy statement governing sentencing reductions under Section 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full resentencing of the defendant." U.S.S.G.§ 1B1.10(a)(3); *see United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'") (quoting *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)); *see*

9

*also United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002); *United States v. Jordan*, 162 F.3d 1, 4 (1st Cir. 1998); *United States v. Torres*, 99 F.3d 360, 361 (10th Cir. 1996).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2). Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate."[5] U.S.S.G. § 1B1.10(b)(2)(B); *see id.*, app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, the Commission, consistent with the authorization provided by Congress, has set

---

[5] Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

a floor below which a reduced sentence may not fall. In short, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence. *See, e.g.*, *United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (reduction below the amended guideline range is not permitted); *Bravo*, 203 F.3d at 781 (court was not permitted to "depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision").

        **3.  *Booker* did not affect the limits on sentencing reductions under Section 3582(c)(2).** In *Booker*, the Supreme Court held that the Sixth Amendment, as construed by the Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), applied to the federal Sentencing Guidelines, under which the sentencing court rather than the jury found facts that established the mandatory guidelines range. *Booker*, 543 U.S. at 230-45. The Court remedied that constitutional defect by severing the statutory provisions that made the guidelines range mandatory, resulting in a regime in which the guidelines are advisory, and courts are to consider the guidelines and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. *Id.* at 245-68; *see Gall v. United States*, 128 S. Ct. 586, 594 (2007).

        Nothing in *Booker* expands the scope of sentencing reductions under Section 3582(c)(2). As an initial matter, even before *Booker*, the Guidelines were not mandatory in Section 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued

by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

*Booker* had no direct effect on Section 3582(c)(2). *Booker*'s constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231 (quoting *Apprendi*, 530 U.S. at 490). That rule has no application to proceedings under Section 3582(c)(2), which can only decrease – not increase – the defendant's sentence. Moreover, the limits Section 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range. *See Harris v. United States*, 536 U.S. 545 (2002).

*Booker*'s remedial holding is likewise inapplicable. *Booker* applies to full sentencing hearings – whether in an initial sentencing or in a resentencing where the original sentence is vacated for error. The Court excised and severed the provision that made the guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b). It also excised the related provision on appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by *Booker*. Nor is there anything else in *Booker* that directly addresses Section 3582 proceedings.

The *Booker* Court applied its advisory guidelines remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory in some contexts and advisory in others. 543 U.S. at 266. The Court rested its conclusion on two observations, neither of which is applicable to reduction proceedings under Section 3582(c)(2). The first was that Congress would not have wanted to "impose mandatory . . . . limits on a judge's ability to *reduce* sentences," but not to "impose those limits upon a judge's ability to *increase* sentences." *Id.* (emphasis in original); *see id.* (Congress would not have wanted such "one-way lever[s]"). But Congress clearly intended Section 3582(c)(2) to be a "one-way lever" – it gives the court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence. Second, the Court observed that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would engender significant "administrative complexities." *Id.* Given the limited scope of a proceeding under Section 3582(c)(2), none of the significant "administrative complexities" is present that led the Supreme Court to require all guideline provisions to be advisory at full sentencing proceedings. *Booker*, 543 U.S. at 266. To the contrary, holding that *Booker* requires full resentencings whenever a guideline is made retroactive – in many cases years after the original sentencing – would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under Section 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant. Although one of the factors in Section 3553(a) is the guidelines range, and *Booker* made that range advisory, the still-valid statutory language in Section 3582(c)(2) requires courts to consider the Section 3553(a) factors (including the guidelines) when determining whether and by how much to reduce the sentence, "consistent with

13

applicable policy statements issued by the Sentencing Commission." The Commission has made clear that courts are to consider the Section 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only *within the limits*" of Section 1B1.10. U.S.S.G. § 1B1.10, app. note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in *Gall*, 128 S. Ct. 586, or *Kimbrough v. United States*, 128 S. Ct. 558 (2007), affects this analysis. Both decisions reaffirmed *Booker*'s remedial holding that the guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them. Because, as explained above, *Booker* does not apply to Section 3582(c) proceedings, the applications of *Booker*'s remedial opinion in *Gall* and *Kimbrough* do not apply in such proceedings either.

A recent decision of the Third Circuit is persuasive. In *United States v. Wise*, 515 F.3d 207 (3d Cir. 2008), defendants argued that they could gain relief under the crack amendments immediately, even though the Sentencing Commission in Amendment 713 provided that the crack amendments would not become listed in § 1B1.10(c) as retroactive until Amendment 713's effective date of March 3, 2008. The Third Circuit ruled that defendants could not obtain immediate relief under § 3582(c)(2) because § 1B1.10(c) did not yet list the crack amendments. *Id.* at 220-21. The Court stated:

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of *Booker*. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines. As we have stated before, "[t]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in

> subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)."
> *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir.1995).

*Wise*, 515 F.3d at 221 n.11; *see id.* at 220 ("The Guidelines are no longer mandatory, but that does not render optional" statutory directives). Under this persuasive reasoning, and under the plain language of Section 3582(c)(2), the Sentencing Commission's determinations regarding whether and to what extent a sentence may be reduced must be respected. Other courts addressing Amendment 706 are unanimous in holding that *Booker* is inapplicable. *See, e.g.*, *United States v. Davis*, 2008 WL 660277, *2 (M.D. Fla. Mar. 6, 2008); *United States v. Veale*, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008); *United States v. Rivera*, 2008 WL 576764, at *4 (E.D. Pa. Mar. 3, 2008); *United States v. Cruz*, 2008 WL 539216, at *2-5 (E.D.N.Y. Feb. 27, 2008) (holding that a reduction in sentence is not authorized if there has been no change in the guideline range, and *Booker* is inapplicable to permit greater relief); *United States v. Hopkins*, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008).

      The conclusion that *Booker* does not apply in proceedings under Section 3582(c)(2) is also consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under *Booker* on collateral review under 28 U.S.C. § 2255. *See Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141-44 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (3rd Cir. 2005); *United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United*

*States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full *Booker* resentencing.

Indeed, given that *Booker* does not apply to the many defendants whose sentences were final when *Booker* was decided, it would be unfair to apply *Booker* to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full resentencing.

### III.  CONCLUSION

Because the new crack guidelines do not lower the defendant's guideline calculation, he is not entitled to a sentence reduction under 18 U.S.C. § 3582(c). His motion should be denied.

<div style="margin-left: 3em;">

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


SANDRA S. GLOVER
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct24354
23d Floor
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700
Sandra.Glover@usdoj.gov


by:   RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv0256
915 Lafayette Blvd.
Bridgeport, CT 06604

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of April, 2008, I caused a copy of the foregoing Response to be sent by first-class mail, postage prepaid, to the following:

      Sarah A. L. Merriam
      Federal Public Defender's Office
      265 Church Street, Suite 702
      New Haven, CT 06510

      Paul Collette
      Senior U.S. Probation Officer
      157 Church Street, 22nd Floor
      New Haven, CT 06510

_____
      RAHUL KALE
      ASSISTANT UNITED STATES ATTORNEY